**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000076**
**17-MAY-2013**
**08:08 AM**

NO. CAAP-13-0000076

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

In the Matter of the Trust of:
FLOYD LEROY AVERY and MARY LOU AVERY
known as the AVERY LIVING TRUST dated April 16, 1984

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(TRUST NO. 12-1-006)

ORDER GRANTING MAY 1, 2013 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Petitioners-Appellees Jessica L. Akana (Appellee Jessica Akana) and Dawson Floyd Avery's (Appellee Dawson Avery) May 1, 2013 motion to dismiss appellate court case number CAAP-13-0000076 for lack of appellate jurisdiction (motion to dismiss), (2) the lack of any memorandum in opposition to the motion to dismiss, and (3) the record, it appears that we lack jurisdiction over the appeal that Respondents-Appellants Kasey K. Avery (Appellant Kasey Avery) and Michael S. Hunter (Appellant

Michael Hunter) have asserted from the Honorable Elizabeth A. Strance's January 14, 2013 dismissal order, because the January 14, 2013 dismissal order is not independently appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) and Rule 34(a) of the Hawai'i Probate Rules (HPR).

HRS § 641-1(a) expressly authorizes appeals from civil circuit court final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 1 of the Hawai'i Probate Rules provides that the Hawai'i Probate Rules (HPR) govern the procedure in the circuit courts of the State of Hawai'i in all trust proceedings. HPR Rule 34(a), requires a circuit court in a trust proceeding to reduce dispositive orders to a separate judgment as a prerequisite for appealability:

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
>
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. <u>Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure</u>.
>
> (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.
>
> (c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.
>
> (d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphasis added). HPR "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Commentary to HPR Rule 34 in Michie's Court Rules (2013). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, whenever HRCP Rule 54(b)-certification is necessary for judgment on one or more but fewer than all claims, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339.

On April 8, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0000076, by which time the circuit court had still not reduced the January 14, 2013 dismissal order to a separate judgment, as HRS § 641-1(a) and HPR Rule 34 required for an appeal. Absent an appealable final judgment, we lack appellate jurisdiction over this case and Appellants Kasey Avery and Michael Hunter's appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellees Jessica Akana and Dawson Avery's May 1, 2013 motion to dismiss appellate court case number CAAP-13-0000076 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-13-0000076 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 17, 2013.

Chief Judge

Associate Judge

Associate Judge